# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER COSTON-MOORE, | CASE NO. 1:09-CV-2190-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (DOC. 1) |
| A. SANDOVAL, et al., | |
| Defendants. | |
| _____/ | |

### Order Following Screening

## I.       Background

Plaintiff Amber Coston-Moore ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation.  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 17, 2009, Plaintiff filed her complaint. (Doc. 1.)  On October 9, 2010, the Court screened Plaintiff's complaint and found that it stated cognizable claims against Defendant Sandoval for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment. (Doc. 6.)  The Court found that Plaintiff failed to state any other claims.  Plaintiff was ordered to either file an amended complaint or notify the Court of her willingness to proceed only against Defendant Sandoval.  On November 4, 2010, Plaintiff notified the Court that she wished to proceed only against Defendant Sandoval. (Doc. 7.)  The Court issues the following order.

The Court is required to screen complaints brought by prisoners seeking relief against a

1

1   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

2   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

3   legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

4   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

5   § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

6   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

7   appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

8   1915(e)(2)(B)(ii).

9        A complaint must contain "a short and plain statement of the claim showing that the

10  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

13  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

14  matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,

15  550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

16  **II.      Summary of Complaint**

17       Plaintiff is currently incarcerated at Central California Women's Facility ("CCWF") in

18  Chowchilla, California, where the events giving rise to this action occurred.  Plaintiff names as

19  Defendants lieutenant A. Sandoval, sergeant W. Wells, and correctional officer Ruiz.

20       Plaintiff alleges the following.  In June and July of 2009, Plaintiff was harassed by

21  Defendant Sandoval.  Plaintiff had filed a grievance against Defendant Sandoval for making

22  racial remarks.  Defendant Sandoval confronted Plaintiff as she was filing her grievance.  The

23  next day, Defendant Sandoval confronted Plaintiff regarding a prior complaint that she had filed

24  against sergeant Hall for a broken finger incident involving Hall.  Defendant Sandoval told

25  Plaintiff to get along with staff.  On the Fourth of July, Plaintiff was returning from dinner when

26  she was attacked by two inmates.  Plaintiff was summoned for a 115 hearing regarding this

27  incident.  Plaintiff declined to have Defendant Sandoval act as the hearing officer.

28       On August 5, 2009, at around 9 PM, Plaintiff received a message that her pregnant friend

1  wanted to see her.  As she walked towards the medical line, two other inmates ran towards her

2  and began fighting with her.  The two inmates then exited towards different building.  Plaintiff

3  suffered a black eye during this.  Plaintiff was then handcuffed and escorted by housing staff to

4  the program office.  Defendant Sandoval arrived, and Plaintiff was escorted to his office.

5  Plaintiff was asked to sign a non-enemy chrono.  Another inmate then poked her head into the

6  office to ask Defendant Sandoval what had happened, and Defendant Sandoval replied that

7  Plaintiff had gotten into an altercation with two other inmates from building 3 and building 4.

8  Plaintiff had not informed Defendant Sandoval of how many there were or where they were

9  housed, but Defendant Sandoval knew beforehand.  Plaintiff was then escorted back to the

10  holding cage and no longer wished to sign a non-enemy chrono becaus she did not feel safe in

11  general population and wanted to remain in administrative segregation.

12      On August 6, 2009, Defendant Wells approached Plaintiff to tell her to return to general

13  population.  Defendant Wells also stated that if he were Hall, he would have snapped her neck.

14  On November 2, 2009, Defendant Wells again approached Plaintiff's door, and told Plaintiff that

15  no one would mess with her if she dropped the grievance against Defendant Sandoval.  Plaintiff

16  refused, and was again threatened by Defendant Wells.

17      Defendant Ruiz hit Plaintiff on the stomach with a roll of tissue and opened Plaintiff's

18  food port as she bathed so everyone could see her.  Defendant Ruiz also attempted to hit Plaintiff

19  with the food tray.

20      Plaintiff seeks protection from the Defendants, which is construed as a request for

21  injunctive relief.

22  **III.**    **Analysis**

23      **A.**    **Defendant Sandoval**

24          **1.**    **Eight Amendment**

25  The Eighth Amendment protects prisoners from inhumane methods of punishment and

26  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

27  2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

28  only those deprivations denying the minimal civilized measure of life's necessities are

1  sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

2  503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of

3  the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials

4  knew of and disregarded a substantial risk of serious harm to him.  *E.g.*, *Farmer v. Brennan*, 511

5  U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on

6  the part of the official is not sufficient to establish liability, but rather, the official's conduct must

7  have been wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

8        Here, Plaintiff has sufficiently alleged a cognizable Eighth Amendment claim against

9  Defendant Sandoval.  Plaintiff alleges that Defendant Sandoval knew that the attack would take

10  place, and is responsible for the attack.

11                 **2.        Retaliation**

12        Allegations of retaliation against a prisoner's First Amendment rights to speech or to

13  petition the government may support a § 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th

14  Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v.*

15  *Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First

16  Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some

17  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

18  such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

19  not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-

20  68 (9th Cir. 2005).

21        Here, Plaintiff has sufficiently alleged a retaliation claim against Defendant Sandoval.

22                 **B.        Defendant Wells**

23        Plaintiff has not sufficiently alleged a retaliation claim against Defendant Wells.

24  Defendant Wells threatened Plaintiff with retaliatory actions.  However, verbal harassment or

25  abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.

26  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation

27  omitted).  Mere threats are insufficient to state a cognizable Eight Amendment claim.  *Gaut v.*

28  *Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam).

1     **C.**     **Defendant Ruiz**

2     Plaintiff alleges that Defendant Ruiz hit Plaintiff in the stomach with a roll of tissue.

3 "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments

4 Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson v. McMillian*,

5 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . .

6 contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks

7 and citations omitted). The malicious and sadistic use of force to cause harm always violates

8 contemporary standards of decency, regardless of whether or not significant injury is evident. <u>Id</u>.

9 at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive

10 force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every

11 malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at

12 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes

13 from constitutional recognition *de minimis* uses of physical force, provided that the use of force

14 is not of a sort 'repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations marks

15 and citations omitted).

16     The Court finds that hitting Plaintiff on the stomach with a roll of tissue to be a de

17 minimis use of force, and thus not violative of the Eighth Amendment.

18     Opening the food port to reveal Plaintiff while showering would constitute some form of

19 harassment. However, as alleged, it does not rise to the level of a constitutional violation.

20 Prisoners retain a very limited Fourth Amendment right to be shielded from being observed nude.

21 *Michenfelder v. Sumner*, 860 F.2d 328, 333-34 (9th Cir. 1988) (citing *Grummett v. Rushen*, 779

22 F.2d 491, 494 (9th Cir. 1985)). The right is not violated if correctional officers only causally

23 observe the prisoner, or make observations from a distance. *Id.* at 334. It is unclear to what

24 extent Plaintiff was observed nude, and by whom.

25     Defendant Ruiz also threatened Plaintiff with retaliatory actions. However, such threats,

26 as stated previously, do not give rise to a cognizable claim. *Oltarzewski*, 830 F.2d at 139; *Gaut*,

27 810 F.2d at 925.

28 ///

5

IV.     **Conclusion And Order**

Plaintiff states a cognizable claim against Defendant Sandoval for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment. Plaintiff fails to state any other claims against any other Defendants.  Plaintiff was provided with the opportunity to file an amended complaint to cure the deficiencies identified herein.  Plaintiff opted to proceed only on the cognizable claims against Defendant Sandoval.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      This action proceed on Plaintiff's complaint against Defendant Sandoval for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment; and

2.      Plaintiff's claims against Defendants Wells and Ruiz are dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    **November 9, 2010**                          **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE