# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER COSTON-MOORE, | CASE NO. 1:09-cv-02190-AWI-DLB PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF FINAL EXTENSION OF TIME TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |
| v. | |
| A. SANDOVAL, | |
| Defendant. | 21 DAY DEADLINE |
| _____/ | |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  On November 22, 2011, Defendant A. Sandoval filed a motion to dismiss for Plaintiff's failure to exhaust administrative remedies.  As of the date of this order, Plaintiff has not filed an opposition or statement of non-opposition pursuant to Local Rule 230(l).  The Court will grant Plaintiff one final extension of time in which to file an opposition or statement of non-opposition.  Accordingly, it is HEREBY ORDERED that Plaintiff is granted twenty-one (21) days from the date of service of this order in which to respond to Defendant's motion to dismiss.  Defendant will be granted seven days from the date of service of Plaintiff's opposition to serve and file a reply, if any.

A fair notice of requirements needed to defeat a defendant's motion to dismiss for failure to exhaust administrative remedies or motion for summary judgment must be provided to a pro se prisoner litigant at the time the motion is filed. *Woods v. Carey*, – F.3d –, Nos. 09-15548, 09-16113, 2012 WL 2626912, *4 (9th Cir. July 6, 2012) ("[I]t is essential that such notice be provided at the time when the defendants' motions are made.").  Defendant's counsel is entrusted

1

with this requirement; however, if Defendant fails to provide adequate notice, the Court remains ultimately responsible. *Id.* at *5. Because Defendant's counsel was unaware of this requirement at the time of the filing of his motion, the Court provides the following notice pursuant to *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003).

If the defendants file a motion to dismiss, a motion for summary judgment, or other type of motion, the plaintiff is required to file an opposition or a statement of non-opposition to the motion. L.R. 230(l). <u>If the plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute.</u> The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. *Id.*

At some point in the litigation, the defendants may file a motion to dismiss for failure to exhaust administrative remedies as to one or more claims in the complaint. The failure to exhaust administrative remedies is subject to a Rule 12(b) motion to dismiss. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's &Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988) (per curiam)). In deciding a motion to dismiss for failure to exhaust, the court will look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20 (citing *Ritza*, 837 F.2d at 369). If the court concludes that the plaintiff has not exhausted administrative remedies, the unexhausted claims must be dismissed and the court will grant the motion to dismiss. *Wyatt*, 315 13 F.3d at 1120. If all of the claims are unexhausted, the case will be dismissed, which means the plaintiff's case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims. *Jones v. Bock*, 549 U.S. 199, 219-224 (2007). A dismissal for failure to exhaust is without prejudice. *Wyatt*, 315 F.3d at 1120.

If the defendants make a motion to dismiss for failure to exhaust administrative remedies, the plaintiff may not simply rely on allegations in the complaint. Instead, the plaintiff must oppose the motion by setting forth specific facts in a declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies. *See* Fed. R. Civ. P. 43(c); *Ritza*, 837 F.2d at 369. If the plaintiff does not submit his or her own evidence in opposition, the court

1  may conclude that the plaintiff has not exhausted administrative remedies and the case will be
2  dismissed.

3        Unsigned declarations will be stricken, and declarations not signed under penalty of
4  perjury have no evidentiary value.  The failure of any party to comply with this order, the Federal
5  Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in
6  the imposition of sanctions including but not limited to dismissal of the action or entry of default.

7        IT IS SO ORDERED.

8      **Dated:**   __July 12, 2012__         _____ /s/ **Dennis L. Beck** _____
                                                  UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28