# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER COSTON-MOORE, | Case No. 1:09-cv-02190-AWI-DLB PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED** |
| v. | |
| LT. A. SANDOVAL, et al., | **ECF No. 20** |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**Findings and Recommendations**

### I. Background

Plaintiff Amber Coston-Moore ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Complaint against Defendant A. Sandoval for retaliation in violation of the First Amendment and failure to protect in violation of the Eighth Amendment. Pending before the Court is Defendant's motion to dismiss, filed November 22, 2011, pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to exhaust administrative remedies. Def.'s Mot. Dismiss, ECF No. 20. Plaintiff filed an opposition on July 30, 2012. ECF No. 27. On August 6, 2012, Defendant filed his reply. ECF No. 28. The matter is submitted

pursuant to Local Rule 230(l).

## II. Summary of Complaint

Plaintiff alleges the following. In June and July of 2009, while incarcerated at Valley State Prison for Women ("VSPW"), Plaintiff was harassed by Defendant Sandoval. Plaintiff had filed a grievance against Defendant Sandoval for making racial remarks. Defendant Sandoval confronted Plaintiff as she was filing her grievance. The next day, Defendant Sandoval confronted Plaintiff regarding a prior complaint that she had filed against Sergeant Hall for a broken finger incident involving Hall. Defendant Sandoval told Plaintiff to get along with staff. On the Fourth of July, Plaintiff was returning from dinner when she was attacked by two inmates. Plaintiff was summoned for a 115 hearing regarding this incident. Plaintiff declined to have Defendant Sandoval act as the hearing officer.

On August 5, 2009, at around 9 PM, Plaintiff received a message that her pregnant friend wanted to see her. As she walked towards the medical line, two other inmates ran towards her and began fighting with her. The two inmates then exited towards different building. Plaintiff suffered a black eye during this incident. Plaintiff was then handcuffed and escorted by housing staff to the program office. Defendant Sandoval arrived, and Plaintiff was escorted to his office. Plaintiff was asked to sign a non-enemy chrono. Another inmate then poked her head into the office to ask Defendant Sandoval what had happened, and Defendant Sandoval replied that Plaintiff had gotten into an altercation with two other inmates from building 3 and building 4. Plaintiff had not informed Defendant Sandoval of how many there were or where they were housed, but Defendant Sandoval knew beforehand. Plaintiff was then escorted back to the holding cage and no longer wished to sign a non-enemy chrono because she did not feel safe in general population and wanted to remain in administrative segregation.

## III. Exhaustion of Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

2

available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119.  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  *Id.*

**B.      Discussion**

The CDCR has an administrative grievance system for prisoner complaints.  Cal. Code Regs. tit. 15, § 3084.1 (2010).  At the time of the events in question, the process was initiated by submitting a CDC Form 602.  *Id.* § 3084.2(a).  Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  *Id.* § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  *Id.* §§ 3084.5, 3084.6(c).  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.  Exhaustion does not always require pursuit of an appeal through the Director's Level of Review.  What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal.  *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (improper

reasons for screening inmate's appeal is equitable exception to exhaustion); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendant contends that Plaintiff failed to exhaust administrative remedies as to the claims in this action. Def.'s Mem. P. & A. 6:11-7:7. Defendant provides a declaration by M. Wilson, appeals coordinator at VSPW, who declares that Plaintiff had filed one appeal on September 20, 2009 claiming retaliatory conduct by Defendant Sandoval, No. VSPW-S-09-1613. *Id.*; Wilson Decl. ¶ 9. The appeal was granted in part at the First Level of review on November 5, 2009, and granted in part at the Second Level of review on March 4, 2010. *Id.* However, the grievance was not timely submitted at the Third Level of review. *Id.* Defendant submits a declaration by D. Foston, Chief of the Inmate Appeals branch at CDCR, who declares that Plaintiff's appeal was screened out at the Third Level of review as untimely filed. *Id.* According to D. Foston's declaration and Exhibit A, Plaintiff's appeal history, Plaintiff submitted her appeal for Third Level review on April 5, 2010, which is not in compliance with CDCR's requirement that appeals be submitted within fifteen days. Foston Decl. ¶ 10.

Plaintiff contends that she was in segregated housing, and that in emergency situations, litigants are allowed to file § 1983 civil suits without waiting for their grievances to be fully exhausted. Pl.'s Opp'n 2, ECF No. 27. Plaintiff provides no citation for this argument.

Based on the submitted documents, Plaintiff failed to exhaust administrative remedies as to her claims against Defendant Sandoval. The proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1119-20.

## IV.    Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     Defendant Sandoval's motion to dismiss, filed November 22, 2011, be granted;

2.     Plaintiff's claims against Defendant Sandoval be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a); and

3.     The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **August 20, 2012**            /s/ Dennis L. Beck
                                                            UNITED STATES MAGISTRATE JUDGE

5